# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| BIANCA CARNEY, | Civil Action No. 17-3743 (PGS) (TJB) |
| Plaintiff, | |
| v. | **MEMORANDUM ORDER** |
| EDNA MAHAN CORRECTIONAL FACILITY, et al., | |
| Defendants. | |

Plaintiff is proceeding, *in forma pauperis*, with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. At this time, the Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. It appearing:

1. The Court dismisses all claims against Defendants the State of New Jersey and New Jersey Department of Corrections ("NJDOC"). The Eleventh Amendment to the United States Constitution provides that, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. As such, the Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought. *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (holding that the *Ex parte Young* exception to Eleventh Amendment immunity is inapplicable to "the States or their agencies, which retain their immunity against all suits in federal

1

court"). Section 1983 does not override a state's Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 338 (1979). Courts have repeatedly held that NJDOC is a state agency entitled to immunity. *See, e.g., Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 224 n.9 (3d Cir. 2015) ("[T]he Court correctly dismissed the NJDOC from this case on Eleventh Amendment grounds."); *Bell v. Holmes*, No. 13-6955, 2015 WL 851804, at *3 (D.N.J. Feb. 23, 2015); *Homan v. N.J. Dep't of Corr.*, No. 13-1466, 2014 WL 4273304, at *3 (D.N.J. Aug. 28, 2014); *Wimbush v. Jenkins*, No. 13-4654, 2014 WL 1607354, at *4 (D.N.J. Apr. 22, 2014); *Love v. Dep't of Corr.*, No. 13-1050, 2014 WL 46776, at *2 (D.N.J. Jan. 6, 2014). As such, all claims against the State of New Jersey and NJDOC are dismissed with prejudice.

2. The Court also dismisses all claims against Defendant Edna Mahan Correctional Facility ("EMCF"). § 1983 permits suits for alleged constitutional deprivations committed or caused by a *person* acting under color of state law. 42 U.S.C. § 1983; *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-1 (1999); *Morrow v. Balaski*, 719 F.3d 160, 166-67 (3d Cir. 2013). A prison is not a "person" for the purposes of § 1983. *Edwards v. Northampton Cty.*, 663 F. App'x 132, 136 (3d Cir. 2016). Accordingly, all claims against EMCF are dismissed with prejudice.

3. The balance of the Complaint, namely Plaintiff's claims against the lone remaining Defendant Latika Holland, are permitted to proceed.

## ORDER

IT IS therefore on this ____4____ day of ____August____, 2017,

**ORDERED** that all claims against Defendants Edna Mahan Correctional Facility, NJDOC, and the State of New Jersey are hereby **DISMISSED WITH PREJUDICE**, and these defendants are hereby **DISMISSED** from the case; it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(d), the Clerk shall issue summons and the United States Marshal shall serve summons, the Complaint and this Order upon the remaining Defendant, with all costs of service advanced by the United States[1]; it is further

**ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), the remaining Defendant shall file and serve an answer, *see* Fed. R. Civ. P. 12(a)(1)(A); it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify Plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel; it is further

**ORDERED** that, if at any time prior to the filing of a notice of appearance by the remaining Defendant, Plaintiff seeks the appointment of pro bono counsel or other relief, pursuant to Fed. R. Civ. P. 5(a) and (d), Plaintiff shall (1) serve a copy of the application by regular mail upon each party at his last known address and (2) file a Certificate of Service;[2] and it is further

**ORDERED** that the Clerk shall serve a copy of this Order upon Plaintiff by regular mail.

*[signature]*
Peter G. Sheridan, U.S.D.J.

---

[1] Alternatively, the U.S. Marshal may notify defendants that an action has been commenced and request that the defendants waive personal service of a summons in accordance with Fed. R. Civ. P. 4(d).

[2] After an attorney files a notice of appearance on behalf of a defendant, the attorney will automatically be electronically served all documents that are filed in the case.