# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| BIANCA CARNEY, | : |
| Plaintiff, | : Civ. No. 17-3743 (PGS-TJB) |
| v. | : |
| EDNA MAHAN CORRECTIONAL FACILITY, et al., | : OPINION |
| Defendants. | : |

**<u>PETER G. SHERIDAN, U.S.D.J.</u>**

1. This matter comes before the Court on Defendant Latika Holland's motion to dismiss the complaint for lack of jurisdiction, (ECF No. 18), and Plaintiff Bianca Carney's motion for summary judgment, (ECF No. 21). Defendant opposes the summary judgment motion. (ECF No. 22). Plaintiff filed an amended complaint on March 26, 2018. (ECF No. 20). Both motions are denied.

2. Plaintiff was sentenced by the State of New Jersey to a term of imprisonment in the Edna Mahan Correctional Facility ("EMCF"), Hunterdon, New Jersey.

3. Plaintiff alleges she was assaulted by Defendant, a corrections officer at EMCF, on July 24, 2015. (ECF No. 1 ¶ III.C). Plaintiff states Defendant "slammed [her] on [her] head and spilt it open to [her] skull." (*Ibid.*). The injury required stitches and became infected after Plaintiff was rejected for outside treatment. (ECF No. 1 ¶ IV).

4. Plaintiff filed a complaint in this Court on May 25, 2017. She checked "diversity of citizenship" as the basis of the Court's jurisdiction. (ECF No. 1 ¶ II.A).

5.      The Court permitted the complaint to proceed after dismissing the State of New Jersey, EMCF, and the New Jersey Department of Corrections as defendants. (ECF No. 6). Defendant Holland was served on February 8, 2018. (ECF No. 13).

6.      Defendant Holland filed a motion to dismiss on February 22, 2018 arguing that the Court lacked diversity jurisdiction as all parties are residents of New Jersey. (ECF No. 18).

7.      On March 26, 2018, Plaintiff filed an amended complaint, (ECF No. 20),[1] and a one-page motion for summary judgment, (ECF No. 21).

8.      Defendant's motion to dismiss for lack of jurisdiction is denied. Defendant argues that the complaint should be dismissed because Plaintiff improperly invoked the Court's diversity jurisdiction under 28 U.S.C. § 1332. Defendant argues there is no complete diversity since Plaintiff states all parties are residents of New Jersey. (ECF No. 18-1 at 10).

9.      In a facial attack to its subject matter jurisdiction, the Court may only grant the motion to dismiss only if there are no appropriate bases for its jurisdiction after viewing the complaint and all attached documents in the light most favorable to Plaintiff. *Constitution Party of Pennsylvania v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014) ("Thus, a facial attack calls for a district court to apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6), *i.e.*, construing the alleged facts in favor of the nonmoving party.").

10.     Although the Court may not have diversity jurisdiction over the complaint, it clearly has federal question jurisdiction. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §

---

[1] Rule 15(a) permits a party to amend its pleading once as a matter of right within 21 days of service or 21 days of service of a motion under Rule 12. Fed. R. Civ. P. 15(a)(1). Plaintiff did not file a timely amendment as her amended complaint was filed more than 21 days after the motion to dismiss was filed and well more than 21 days after Defendant was served. The Court will therefore strike the amended complaint. Plaintiff may file a motion to amend her complaint under Rule 15(a)(2).

2

1331. This Court screened the complaint under 28 U.S.C. § 1915 and concluded Plaintiff stated a claim for constitutional deprivations. (ECF No. 6 ¶ 2). *See also* 42 U.S.C. § 1983. Specifically, Plaintiff has sufficiently pled a violation of the Eighth Amendment's ban on excessive force as well as the denial of her right to adequate medical care. The Court is not deprived of jurisdiction merely because a pro se plaintiff checked the wrong box on the form. The motion to dismiss is denied as frivolous.

11. Plaintiff's one-page summary judgment motion is also denied. Under the Federal Rules of Civil Procedure, "[s]ummary judgment is appropriate only if 'the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.'" *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (quoting Fed. R. Civ. P. 56(a)).

12. This matter is in its infancy; no discovery has taken place yet. Summary judgment is denied as premature.

13. Defendant's motion to dismiss the complaint is denied, as is Plaintiff's motion for summary judgment. The amended complaint is stricken for failure to comply with Federal Rule of Civil Procedure 15. Defendant shall answer the complaint within 14 days of this Opinion and Order.

14. An appropriate order follows.

DATED: July 11, 2018

PETER G. SHERIDAN
United States District Judge